**Electronically Filed**
**Intermediate Court of Appeals**
**30135**
**24-FEB-2011**
**08:13 AM**

NO. 30135

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


CALVIN NAKAGAWA, Petitioner-Appellee, v.
PENNI SKATES IRWIN, Respondent-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 09-1-0007)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Foley and Leonard, JJ.)

Respondent-Appellant Penni Skates Irwin (**Irwin**), a
self-represented party, appeals from the Circuit Court of the
First Circuit's (**Circuit Court's**) Final Judgment entered on
October 7, 2009 (**Judgment**), which entered judgment in favor of
Petitioner-Appellee Calvin Nakagawa (**Nakagawa**) and against
Irwin.[1/]

On appeal, Irwin raises two points of error: (1) the
Circuit Court erred because the clerk of the court could have
corrected or noticed the need to correct the filing of a document
submitted to the clerk by Irwin, dated February 3, 2009, and
entitled "Petition In Praecipe By Declaration In Special
Visitation For Mandatory Judicial Of Facts For Petition to
Substantive Relief As Reflected In Hawaii Rules of Civil
Procedure, Rule 12(b)(1)(2)(3)(4)(5)(6)(7); Praecipe By
Declaration In Special Visitation For Mandatory Judicial Of Facts

---

[1/] The Honorable Karl K. Sakamoto presided.

In Support Of Petition In Praecipe By Declaration In Special Visitation For Mandatory Judicial Of Facts For Petition to Substantive Relief As Reflected In Hawaii Rules of Civil Procedure, Rule 12(b)(1)(2)(3)(4)(5)(6)(7); Exhibits "A-B"; Notice Of non-Hearing; Certificate Of Service" (**Petition in Praecipe**), in S.P. 09-00007, rather than in Civil No. 09-1-0007, as appeared on the face of the Petition In Praecipe; and (2) the Circuit Court erred when it failed to conclude that Nakagawa lacked standing to initiate a special proceeding to expunge a nonconsensual lien or encumbrance that Irwin filed against certain property held by Nakagawa.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Irwin's contentions as follows:

(1)  It appears from the record that Irwin failed to file a motion or otherwise request that the court correct his filing error.  There is nothing in the record to suggest that, at any time, Irwin informed the Circuit Court of his inadvertent error or mistake.  Irwin did not ask the Circuit Court to reconsider its ruling on Nakagawa's petition for expungement. Although it is attached to his opening brief, the Petition In Praecipe is not part of the record on appeal.  Appeals must be decided on the record before the appellate court.  We need not consider issues that were not presented and ruled on by the Circuit Court.  See Hawaii Revised Statutes (HRS) 641-2; see also Royal Kunia Cmty Ass'n v. Nemoto, 119 Hawai'i 437, 446, 198 P.3d 700, 709 (App. 2008) ("the rule in this jurisdiction prohibits an appellant from complaining for the first time on appeal of error to which he has acquiesced or to which he failed to object") (citation and internal quotation marks omitted); Paul v. Dep't of Transp., 115 Hawai'i 416, 428, 168 P.3d 546, 558 (2007) ("it is

well settled that appellate courts will not consider an issue not raised below unless justice so requires").

The Circuit Court did not err in failing to, *sua sponte*, correct Irwin's filing error.

(2) On January 14, 2009, Nakagawa filed a petition for order expunging Irwin's nonconsensual common law lien, which lien was recorded in the Bureau of Conveyances on November 14, 2007 (**Lien**). With the petition, Nakagawa submitted a declaration of counsel and exhibits establishing that Nakagawa was appointed as a foreclosure commissioner who was authorized and directed to take possession of and to sell the subject property. The record is devoid of any jurisdictional, evidentiary, or substantive objection to Nakagawa's petition, and it appears from the Circuit Court's March 11, 2009 order that Irwin did not appear at the hearing on Nakagawa's petition. The record contains *prima facie* evidence that Nakagawa had the requisite standing, as the foreclosure commissioner in the underlying foreclosure action, to file the petition to expunge the Lien. See, e.g., HRS § 507D-4(a); Mottl v. Miyahira, 95 Hawai'i 381, 389, 23 P.3d 716, 724 (2001). Therefore, we conclude that the Circuit Court did not err when it failed to conclude that Nakagawa lacked standing to initiate a special proceeding to expunge the Lien.

For these reasons, the Circuit Court's October 7, 2009 Judgment is affirmed.

DATED: Honolulu, Hawai'i, February 24, 2011.

On the briefs:

Penni Skates Irwin
Pro Se Respondent-Appellant

Russell A. Suzuki
Robyn B. Chun
Deputy Attorneys General
for Petitioner-Appellee

Chief Judge

Associate Judge

Associate Judge

3